Argued April 7, affirmed April 21, 1965

## BONE *v.* McDONALD ET AL

401 P. 2d 35

*J. Robert Jordan,* Portland, argued the cause and submitted briefs for appellant.

*Bruce Engel,* Portland, argued the cause for respondents. On the briefs were Keane, Haessler, Bauman & Harper and Robert N. Gygi, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin and Denecke, Justices.

SLOAN, J.

In this case plaintiff sought to have a deed declared to be a mortgage. The trial court refused and dismissed the complaint. Plaintiff appeals.

Prior to 1947 plaintiff and defendant Neil McDonald were married. Defendant Michael John McDonald was their son. He was 5 years old in 1947. In that year plaintiff filed suit for divorce against Neil. At that time they owned a house in Portland, subject to a mortgage. There is dispute in the evidence in the instant case relative to the status of the title to the real property in 1947 and as to the conduct and relationship of the two people which led to the divorce. The evidence is immaterial to our decision.

After the suit for divorce was filed plaintiff and defendant Neil executed the deed in question conveying the title to the home to the son Michael. The deed reserved a life estate in plaintiff. At the same time the parties entered into an agreement whereby plaintiff agreed to assume full responsibility for the support and the care of Michael in consideration for the deed. The agreement did not become a part of the divorce proceedings. A divorce was granted.

Plaintiff did continue to support Michael without assistance from the father Neil until the boy was about 17 years old. In this suit she joined the father and son. Neil McDonald disclaimed any interest in the property. Any further resumé of the evidence would be futile.

The record sustains the trial court's decision. The evidence was wholly insufficient to warrant a finding

that the deed was a mortgage or that the conveyance imposed a trust of any kind in favor of plaintiff. *Blue River Sawmills et al v. Gates et al,* 1961, 225 Or 439, 447, 358 P2d 239. As the trial court observed, plaintiff, in her apparent anxiety to obtain a divorce, entered into a rather harsh bargain. But there is no claim of fraud or overreaching. The agreement was prepared by counsel for both of the parties and executed with advice of counsel. Plaintiff's present demands are without merit.

The defendant Neil McDonald did not appeal or cross-appeal; therefore, we cannot consider any assignment of error asserted by him.

Affirmed.